IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| AMPERSAND AVENUE, LLC, a Utah Company, | Case No.: 1:19-cv-00068-DAK-CMR |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO STAY** |
| VANILLA BAY, INC., a California Corporation, | District Judge Dale A. Kimball<br>Magistrate Judge Cecilia M. Romero |
| Defendant. | |

Before the court is Defendant Vanilla Bay, Inc.'s ("Defendant") Motion to Stay ("Motion") (ECF 24) referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 7). Pursuant to Rule 7-1(f) of the Rules of Practice ("Local Rules") for the United States District Court for the District of Utah, the court concludes that oral argument is not necessary and will determine the Motion on the basis of the written memoranda. After review of the relevant pleadings, rules, and authority, the court DENIES the Motion.

## I.       BACKGROUND

Plaintiff Ampersand Avenue, LLC ("Plaintiff") filed its Complaint against Defendant alleging trade dress infringement, false designation of origin, unfair competition, and unfair methods of trade under both the Lanham Act and Utah state law (ECF 3). Plaintiff alleges Defendant sells infringing clothing online and through third party websites that are exact copies of Plaintiff's trademarked "DOUBLEHOODED" sweatshirts (ECF 3).

After filing its Answer (ECF 17), Defendant filed the present Motion which requests the court stay this action pending final resolution of the Trademark Trial and Appeal Board

("TTAB") proceeding[1] between Defendant and Plaintiff involving the same issues as this action

(ECF 24).  In response, Plaintiff submitted a Memorandum in Opposition ("Opposition") arguing

that Defendant's Motion is moot because on July 16, 2020, three days after the Motion had been

filed, the TTAB granted Plaintiff's motion and stayed the proceedings before it (ECF 26 at Ex.

A).  Plaintiff also argues that staying this case would promote piecemeal litigation and that even

if the TTAB had not suspended its proceedings between the parties, deference to the Patent and

Trademark Office where trademark infringement is alleged is unnecessary when the issues do

not involve highly technical questions or subject matter (ECF 26).  Defendant filed a reply to the

Opposition ("Reply") asserting that the TTAB's suspension does not render the Motion moot,

citing to a Northern District of Illinois case.  *See National Marketing Consultants, Inc. v. Blue

Cross & Blue Shield Asso.*, No. 87 c 7161, 1987 WL 20138, at *3 (N.D. Ill. Nov. 19, 1987).

(explaining the court's power to invoke the primary jurisdiction doctrine and stay this action

pending the outcome of the TTAB's Opposition proceeding does not dissipate merely because

the TTAB acted first and stayed its proceeding).  Defendant also suggests the TTAB decision

will materially aid the court in resolving the pending litigation and will substantially simplify the

issues (ECF 27).

## II.    DISCUSSION

The court has inherent power to stay proceedings in matters pending before it.  *Pet Milk

Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963).  Reaching such a determination as to whether

or not to stay a matter "calls for the exercise of judgment, which must weigh competing interests

and maintain an even balance."  *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  In

exercising that judgment courts in this circuit have applied a variety of factors.  *See e.g., Gale v.*

---

[1] TTAB Opposition No. 91249905 consolidated with TTAB Opposition No. 91251121.

*Brinker International Payroll Co.*, No. 1:09-CV-129, 2010 WL 3835215, *1 (D. Utah Sept. 29, 2010) *(internal citation omitted)*.  These include whether granting a stay would simply the issues; the stage of the litigation; and whether a stay would unduly prejudice the non-moving party. *National Staffing Solutions, Inc., v. National Staffing Specialists, Inc*., 2: 20-CV-00534, 2020 WL 6149916, at *2 (D. Utah Oct. 10, 2020).  The court notes that Defendant points to *Tigercat Int'l, Inc. v. Caterpillar, Inc*., 16-CV-1047, 2018 WL 2049816, at * 7 (D. Del. May 2, 2018) as articulating the standard to apply in this case (ECF 24 at 5-6).  While the standard cited in *Tigercat* is similar to the standard articulated in *National Staffing Solutions*, the court finds it is unnecessary to look to the *Tigercat* case as the controlling legal standard to apply given the precedent in this jurisdiction.

### A.  The stage of litigation favors denying the Motion.

The case was filed on July 3, 2019 (ECF 3) and has now been pending for over a year. Two amended scheduling orders have been entered with the most recent providing the parties a six-month extension on discovery or until April 2, 2021 and setting trial for March of 2022 (ECF 31).  "Courts often deny a stay based on case status where discovery has been completed, a trial date set, or the parties and the court have otherwise expended significant resources." *National Staffing Solutions*, 2020 WL 6149916, at *3.  While discovery is not yet complete, the recent Scheduling Order shows it shall be completed in the next six months, a trial date has been set and the court has expended resources in managing the scheduling order and other discovery disputes. These weigh in favor of denying the Motion.

Defendant cites to *National Marketing Consultants, Inc.,* 1987 WL 20138, at *3, arguing the stay at the TTAB does not moot this matter.  While it may not moot the Motion, the stay at the TTAB is relevant.  Defendant fails to address the impact to the litigation if both matters are

stayed and procedurally, if this court were to stay the present matter, if or how the TTAB stay

could be lifted.  While it may be a simple request to lift the stay, the issue was not addressed.

Without the suspension being lifted at the TTAB, a stay with this court would result in an

indefinite pause of the proceedings.  The court sees no reason to do so as it would be inefficient

and counterproductive, especially given the parties are within six months of completing

discovery in the present matter.

>           **B. A stay will not simplify the issues.**

Wirth regard to the second factor, whether a stay will simplify the issues, that also weighs

in favor of denying the Motion.  This matter is the only active litigation between the parties.  The

TTAB has suspended its proceedings between the parties.  Moreover, more is at issue here than

just a claim for trademark infringement.  Plaintiff has state law claims for unfair competition and

unfair methods (ECF 3) and any determination at the TTAB would not resolve Plaintiff's state

law claims.  The court is not persuaded by Defendant's argument that this court could benefit

from the wisdom of the TTAB's specialized knowledge and therefore grant it deference to help

simplify the issues of the cases.  Any presumption from resolution of the TTAB proceeding is

"rebuttable, not binding, and would require the same factual issues to be litigated again if

challenged in this court."  *National Staffing Solutions*, 2020 WL 6149916, at *2.

Defendant cites to a case in the Second Circuit arguing that the TTAB's final resolution

of the trademark registration case could address issues central to the validity of the trade dress

infringement claims and may have preclusive effect or at least be "highly instructive or

persuasive" (ECF 24 at 3).  *See Goya Foods, Inc. v. Tropicana Products, Inc*., 846 F. 2d 848,

854 (2nd Cir. 1998).  In *Goya Foods*, the Second Circuit held that the district court judge

exceeded his authority in denying leave to amend due to a pending TTAB trademark registration

proceeding.  *Id*. at 854.  In issuing its ruling, the Second Circuit discussed the doctrine of

primary jurisdiction.[2]  While the *Goya Foods* case is not controlling on this court, the court does

note that the Second Circuit found that when the district court action involves only the issue of

"whether a mark is entitled to registration," a grant of a stay of proceedings under the doctrine of

primary jurisdiction may be appropriate because the benefits of awaiting the TTAB ruling would

rarely be outweighed by the need for a prompt adjudication.  *Id.* at 853-54.  Here as argued by

the Plaintiff, this action does not only involve whether a mark is entitled to registration.  The

TTAB cannot address Plaintiff's Utah state law and common law claims of unfair method of

trade or unfair competition.

Under these circumstances, the court agrees with Plaintiff that federal court is the single

forum where the parties can most efficiently resolve all contested issues in a single judgment.

This factor therefore weighs against a stay.

### C. Plaintiff will be prejudiced by a stay.

As to the final factor, there is no prejudice in continuing the present matter and allowing

the parties to finish discovery particularly while the TTAB proceeding is stayed and fact

discovery in the present matter is nearing completion.  Defendant argues that the discovery

period in the TTAB matter closed in August of 2020 and the trial period was set for November

26, 2020, which is more imminent than the trial date in the present matter (ECF 27).  However,

to date the TTAB matter is stayed and it therefore unknown how these deadlines may be

impacted.  This factor therefore weighs against imposing a stay.

---

[2]  The court notes neither party has argued that a stay is required under the doctrine of primary jurisdiction nor has either party provided any authority that the court must consider the doctrine of primary jurisdiction in the Tenth Circuit.

## ORDER

In balancing the above factors and weighing competing interests to maintain an even balance, the court **DENIES** the Motion to Stay (ECF 24).  The Second Amended Scheduling Order (ECF 31) shall remain in effect.


DATED this 26 October 2020.


_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah